```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 29, 2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DEMETRIUS HILL,

                        Plaintiff,

       - against -

NEW YORK POST, et al.,

                        Defendants.
------------------------------------x

08 Civ. 5777 (PAC) (FM)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se plaintiff Demetrius Hill ("Hill") is an inmate serving a twenty-year sentence for a conviction on federal firearms charges in the Eastern District of New York. Hill brings this action under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771; Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320, et seq.; 42 U.S.C. § 1985; and 42 U.S.C. § 1986. In his opposition papers, Hill also asserts a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Hill seeks damages from the New York Post ("Post"), the New York Daily News ("News"), reporters working for the Post and News, unnamed editors of those publications, and unnamed employees of the Federal Bureau of Prisons ("BOP") (collectively, the "Defendants").

Hill's claims arise from an alleged relationship with former prison psychologist Magdalena Sanchez ("Sanchez"). Sanchez was charged with having lied about engaging in a sexual relationship with an anonymous inmate, and, as a result of her relationship with Hill, Sanchez pled guilty to this charge. The Post and the News reported that Hill was the anonymous inmate involved in the affair.

On July 28, 2009, the Court referred this case to Magistrate Judge Frank Maas. On January 11, 2010, the Defendants filed a motion to dismiss pursuant to 12(b)(1) and 12(b)(6) of

1

the Federal Rules of Civil Procedure. On March 28, 2010, Magistrate Judge Maas issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants' motions to dismiss. (R&R at 3).[1]

Magistrate Judge Maas found that Hill's claims arising under the CVRA fail since: (i) the CVRA does not provide for an action in damages, 18 U.S.C. § 3771(d)(6), and (ii) the CVRA requires crime victims to assert their rights in the district where the defendant is being prosecuted for the crime or, if no prosecution is under way, in the district where the crime occurred. 18 U.S.C. § 3771(d)(3). Since Sanchez committed sexual improprieties in the Eastern District, any rights which Hill asserts under the CVRA must be brought in that District. (R&R at 7). Magistrate Judge Maas further found that Hill's claim relating to HIPPA fails because the HIPPA does not provide for a private right of action. See Rzayeva v. U.S., 492 F. Supp. 2d 60, 83 (D. Conn. 2007). Similarly, Magistrate Judge Maas found that Hill's 42 U.S.C. § 1985 civil rights violation claim fails since § 1985 requires evidence showing that the alleged conspiracy was motivated by an invidious discriminatory animus, Mian v. Donaldson, Lufkin, & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993), and Hill's complaint fails to plausibly allege that the purpose of the conspiracy was to deprive him of equal protection on racial or gender grounds and not simply to sell newspapers. (R&R at 9). Accordingly, Hill's § 1985 claim fails, as does his § 1986 claim, since a violation of 1986 requires a violation of 1985. Koch v. Mirza, 869 F. Supp. 1031, 1039 (W.D.N.Y. 1994).

Finally, Magistrate Judge Maas found that Hill's Bivens claims fail as to the Post and News reporters since they are not government officials. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 63-64 (2001). As to the unnamed BOP officials, Hill's Bivens claim is time-barred by

---

[1] Magistrate Judge Maas showed some inconsistency regarding precisely which motion – the 12(b)(1) or the 12(b)(6) – he granted. While the R&R indicates that Magistrate Judge Maas recommended dismissal under both 12(b)(1) and 12(b)(6), the R&R also indicates that Magistrate Judge Maas focused only on subject matter jurisdiction, obviating the need to address Defendants' 12(b)(6) motion. (Comp. R&R at 3, 5, 14).

the three-year statute of limitations that federal courts apply in New York. Kronisch v. United States, 150 F.3d 112, 123 (2d Cir. 1998). Hill's Bivens claim accrued when the news reporters published articles regarding Hill's affair in mid-April 2007. However, Hill failed to serve any BOP officials within the three-year statute. (R&R at 11). "John Doe" pleadings do not allow a plaintiff to avoid the requirements of a statute of limitations. Aslandis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993).

Hill argued that, under 28 U.S.C. § 1332, the Court has diversity jurisdiction over his state law claims. Magistrate Judge Maas recommended rejecting this argument (R&R at 12). A prisoner's domicile for purposes of diversity is determined at the time the case was filed. Fermin v. Moriarty, 2003 WL 21787351, at *2 (S.D.N.Y. Apr. 4, 2003). Both the Post and News have their principal place of business in New York. Hill asserts that, upon release from prison, he will live with his brother in Delaware. This assertion, however, fails to rebut the presumption that New York was his domicile when he filed suit. Id. Consequently, Magistrate Judge Maas found that diversity does not exist. See 28 U.S.C. § 1332(c)(1). (R&R at 13-14.) Moreover, even if the Court accepts that Hill's domicile at time of suit was Delaware, the Post is incorporated in Delaware, making it a non-diverse defendant and depriving Hill of diversity. (R&R at 14.)

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Magistrate Judge Maas provided the parties fourteen days from the service of the R&R to file objections. (R&R at 14). Magistrate Judge Maas also advised the parties that "failure to file timely objections will result in a waiver of those objections for purposes of appeal." (Id. at 15).

Hill has filed an objection to the R&R ("Obj."). When the parties make timely objections to the recommendations of the magistrate judge, the Court must review the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court, however, "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Hill's

3

objection is untimely, but the Court has nevertheless reviewed it de novo. The Court finds that Magistrate Judge Maas properly dismissed the Complaint.

Hill argues that Magistrate Judge Maas used incorrect legal standards in evaluating the sufficiency of his Complaint (Obj. at 2, 4). This is incorrect; Magistrate Judge Maas used appropriate legal standards throughout the R&R.

Beyond this, Hill argues that Magistrate Judge Maas incorrectly found that he seeks damages under CVRA and HIPPA; rather, Hill argues that his claim for damages rests on Bivens. (Obj. at 2, 3). However, Hill fails to acknowledge that Magistrate Judge Maas considered his Bivens claim and properly dismissed it under 12(b)(1). (R&R 10-12). Hill further argues that dismissing his Bivens claim as untimely would represent a miscarriage of justice. (Obj. at 3). However, it is well-established that John Doe pleadings will not allow a party to circumvent the statute of limitations. Tapia-Ortiz v. Doe, 171 F.3d 150, 151-52 (2d Cir. 1999).

In defending his Bivens claim, Hill also raises a possible cause of action under the Privacy Act, 5 U.S.C. § 552a, against the unnamed BOP staff for revealing private information regarding Hill contained in his records. (Obj. at 3). Section 552a(g)(5) of the Privacy Act, however, establishes a two-year statute of limitations from the date of the violation. See Shannon v. GE, 812 F. Supp. 308, 316 (N.D.N.Y. 1993). Hill's claim accrued in mid-April 2007, upon the publication of the articles describing Hill's affair. Since John Doe pleadings cannot circumvent the statute of limitations, any claim Hill may have under the Privacy Act is time-barred.

Finally, Hill argues that his current domicile establishes his residency for purposes of diversity (Obj. at 5). However, as Magistrate Judge Maas found, prisoners establish their domicile for diversity purposes at the time they file suit. Fermin, 2003 WL 21787351, at *2. Therefore, Hill's current residency is of no moment.

4

Accordingly, the Court adopts the R&R in its entirety and GRANTS the Defendants' motion to dismiss. Pursuant to 28 U.S.C 1915(a), I find that any appeal from this order would not be taken in good faith. The Clerk of Court is directed to enter judgment accordingly.

Dated: New York, New York
July 29, 2010

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Demetrius Hill
68133-053
FCI Talladega
PMB1000
Talladega, AL 35160

Rachel Fan Stern Strom
Hogan & Hartson L.L.P.(NYC)
875 Third Avenue
New York, NY 10022

Slade R. Metcalf
Hogan & Hartson L.L.P.(NYC)
875 Third Avenue
New York, NY 10022

Anne Berrill Carroll
Daily News, L.P
450 West 33rd Street, Third Floor
New York, NY 10001